Matter of White (2020 NY Slip Op 01177)





Matter of White


2020 NY Slip Op 01177


Decided on February 19, 2020


Appellate Division, Second Department


Per Curiam.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 19, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
WILLIAM F. MASTRO
REINALDO E. RIVERA
MARK C. DILLON
RUTH C. BALKIN, JJ.


2018-13866

[*1]In the Matter of Mirna L. White, admitted as Mirna Loyce White, a suspended attorney. Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts, petitioner; Mirna L. White, respondent. (Attorney Registration No. 3027067)



APPLICATION pursuant to 22 NYCRR 1240.10 by Mirna L. White, who was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on April 12, 2000, under the name Mirna Loyce White, to resign as an attorney and counselor-at-law. By decision and order on motion of this Court dated May 30, 2019, the respondent was immediately suspended from the practice of law, pursuant to 22 NYCRR 1240.9(a)(2) and (5), based on uncontroverted evidence that she misappropriated client funds for personal use.



Diana Maxfield Kearse, Brooklyn, NY (Thomas Graham Amon of counsel), for petitioner.
Scalise & Hamilton, P.C., Scarsdale, NY (Deborah A. Scalise of counsel), for respondent.



PER CURIAM.


OPINION & ORDER
The respondent, Mirna L. White, has submitted an affidavit sworn to on July 26, 2019, in support of her application to resign as an attorney and counselor-at-law (see 22 NYCRR 1240.10).
The respondent acknowledges in her affidavit that she is currently the subject of a disciplinary proceeding commenced by the Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts, based upon a verified petition dated November 26, 2018, alleging eight charges of professional misconduct, including the following: that she misappropriated approximately $54,550 in client funds for personal use in connection with her handling of five real estate matters in 2016; that she made more than 200 cash withdrawals from her attorney escrow account between April 2016 and April 2017; and that she failed to maintain the required bookkeeping records for her attorney escrow account. She attests that she cannot successfully defend against the allegations specified in the charges.
The respondent acknowledges that her resignation is freely and voluntarily tendered, without coercion or duress by anyone, with full awareness of the consequences, including that the Court's acceptance and approval shall result in the entry of an order of disbarment striking her name from the roll of attorneys and counselors-at-law.
The respondent states that all misappropriated funds were returned to the appropriate parties prior to the service of the order to show cause by the Court and service of the petition by the [*2]Grievance Committee, and therefore, no restitution is necessary.
The respondent acknowledges that her resignation is submitted subject to any future application that may be made by a Grievance Committee to any Department of the Appellate Division for an order, pursuant to Judiciary Law § 90(6-a), directing that she make restitution or reimburse the Lawyers' Fund for Client Protection, and that she consents to the continuing jurisdiction of the Appellate Division to make such an order.
In addition, the respondent acknowledges and agrees that, pending the issuance of an order accepting her resignation, she shall not undertake to represent any new clients or accept any retainers for future legal services to be rendered, and that there will be no transactional activity in any fiduciary account to which she has access, other than for the payment of funds held therein on behalf of clients or others entitled to receive them.
The respondent acknowledges that in the event that the Court accepts her resignation, the order resulting therefrom and the records and documents filed in relation to the aforementioned allegations, including the affidavits, shall be deemed public records pursuant to Judiciary Law § 90(10).
The Grievance Committee contends that the resignation fully complies with the requirements of 22 NYCRR 1240.10 and, therefore, recommends its acceptance.
Inasmuch as the respondent's application to resign complies with the requirements of 22 NYCRR 1240.10, the application is granted, and effective immediately, the respondent is disbarred, and her name is stricken from the roll of attorneys and counselors-at-law. In view of the foregoing, on the Court's own motion, the disciplinary proceeding commenced against the respondent is discontinued as academic.
SCHEINKMAN, P.J., MASTRO, RIVERA, DILLON and BALKIN, JJ.,concur.
ORDERED that the application of the respondent, Mirna L. White, admitted as Mirna Loyce White, a suspended attorney, to resign as an attorney and counselor-at-law is granted; and it is further,
ORDERED that pursuant to Judiciary Law § 90, effective immediately, the respondent, Mirna L. White, admitted as Mirna Loyce White, is disbarred, and her name is stricken from the roll of attorneys and counselors-at-law; and it is further,
ORDERED that the respondent, Mirna L. White, admitted as Mirna Loyce White, shall continue to comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15); and it is further,
ORDERED that pursuant to Judiciary Law § 90, effective immediately, the respondent, Mirna L. White, admitted as Mirna Loyce White, shall continue to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding herself out in any way as an attorney and counselor-at-law; and it is further,
ORDERED that if the respondent, Mirna L. White, admitted as Mirna Loyce White, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in her affidavit of compliance pursuant to 22 NYCRR 1240.15(f); and it is further,
ORDERED that, on the Court's own motion, the disciplinary proceeding initiated by the Grievance Committee against the respondent, Mirna L. White, admitted as Mirna Loyce White, based upon a verified petition dated November 26, 2018, is discontinued as academic.
ENTER:
Aprilanne Agostino
Clerk of the Court